UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>ANTONIA OKPALA,<br><br>        Defendant. | Case No.: 1:14-cv-00921-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF, AND ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY<br><br>[ECF Nos. 1, 5] |

    Plaintiff Archie Cranford is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 7, 2015. Local Rule 302.

**I.**

**SCREENING REQUIREMENT**

    The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required,

but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Since May 2014, Plaintiff has made multiple attempts to get Defendant Okpala to set an appointment to see the unit doctor at Coalinga State Hospital.  Each and every time Plaintiff has requested an appointment, Defendant states that she would make the appointment and each following day Plaintiff is replaced by a different patient based on priority.  Plaintiff contends that Defendant has engaged in racial discrimination based on the prioritizing of patients in need of medical care.

## III.
## DISCUSSION

**A.     Racial Discrimination in violation of 42 U.S.C. § 1981**

Under section 1981, all persons "shall have the same right … to make and enforce contracts." 42 U.S.C. § 1981.  Therefore, to prevail on a section 1981 claim, a plaintiff must show (1) intent to discriminate based on race and (2) this discrimination interfered with the making and enforcing of

contracts. See Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1301, 1313 (9th Cir. 1992) ("Proof of intent to discriminate is necessary to establish a violation of section 1981."). Here, Plaintiff has not met his burden to "at least allege facts that would support an inference that defendants intentionally and purposefully discriminated against [him]." Id. In addition, Plaintiff has not alleged facts such that an act of discrimination interfered with the making or enforcement of a contract. Consequently, Plaintiff fails to state a claim for racial discrimination under section 1981.

### B. Motion for Discovery

On October 17, 2014, Plaintiff filed a motion entitled motion for discovery. In the motion, Plaintiff requests an extension of the 120 day deadline to serve the complaint upon Defendant. However, as stated above, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and service of the complaint cannot and will not be directed unless and until ordered by the Court, and since Plaintiff is proceeding in forma pauperis in this action service of the complaint will be effectuated by the United States Marshal. See Lopez v. Smith, 203 F.3d 1122, 1126-1127 (9th Cir. 2000) (en banc); 28 U.S.C. § 1915(d); Fed. R. Civ. P. 3(c)(3).

## IV.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for discovery is DENIED;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff's complaint, filed April 30, 2012, is dismissed for failure to state a claim;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 9, 2015**

UNITED STATES MAGISTRATE JUDGE

4