UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANTONIA OKPALA,<br><br>　　　　Defendant. | Case No.: 1:14-cv-00921-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>[ECF No. 18] |

　　　　Plaintiff Archie Cranford is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

　　　　This action is proceeding against Defendant Antonia Okpala for deliberate indifference to a serious medical need.  Defendant filed a motion to dismiss on May 14, 2015.  Plaintiff did not respond to the motion and on July 29, 2015, the Court issued an order requiring Plaintiff to file an opposition or a statement of non-opposition to Defendant's motion within thirty days.[1]  Local Rule 230(*l*).  More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order.

---

[1] On August 6, 2015, the United States Postal Service returned the order as undeliverable and unable to forward.  Plaintiff has not notified the Court of any change in his address.  Absent such notice, service at a party's prior address is fully effective.  Local Rule 182(f).

1

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal," <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted), and Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," <u>Pagtalunan</u>, 291 F.3d at 642 (citation and internal quotation marks omitted). However, the Court is constrained to find that the prejudice factor weighs against dismissal because the mere pendency of an action does not constitute prejudice; and public policy favors disposition on the merits, which weighs against dismissal. <u>In re PPA</u>, 460 F.3d at 1228; <u>Pagtalunan</u>, 291 F.3d at 642-43.

Nevertheless, there are no alternative sanctions which are satisfactory. <u>In re PPA</u>, 460 F.3d at 1228-29; <u>Pagtalunan</u>, 291 F.3d at 643. A monetary sanction has little to no benefit in a case in which the plaintiff is proceeding in forma pauperis, and based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. <u>Id.</u> This action, which has been pending since June 2014, requires Plaintiff's cooperation in its prosecution, the action cannot simply remain idle on the Court's docket, and the Court is not in a position to expend its scant resources resolving an unopposed motion in light of Plaintiff's demonstrated disinterest in continuing the litigation. <u>Id.</u>

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for failure to prosecute. <u>In re PPA</u>, 460 F.3d at 1226; Local Rule 110.

///

///

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 22, 2015**

UNITED STATES MAGISTRATE JUDGE

3