UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTONIA OKPALA,<br><br>    Defendant. | Case No.: 1:14-cv-00921-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS<br><br>[ECF No. 16] |

Plaintiff Archie Cranford is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

**I.**

**PROCEDURAL BACKGROUND**

Plaintiff filed the instant action on June 13, 2014, under the prison mailbox rule. On January 9, 2015, the Court screened and dismissed Plaintiff's complaint with leave to amend. (ECF No. 7.) Plaintiff filed a first amended complaint on January 23, 2015, which was dismissed with leave to amend on January 29, 2015. (ECF Nos. 9, 10.)

1

Plaintiff filed a second amended complaint on February 9, 2015.  (ECF No. 11.)  On March 11, 2015, the Court found that Plaintiff's second amended complaint stated a cognizable claim against Defendant Okpala for denial of medical attention.  (ECF No. 12.)

On May 14, 2015, Defendant Okpala filed a motion to dismiss on the grounds that the second amended complaint sets forth a single claim for relief different in nature from his previous complaint, and the claim is barred by applicable two year statute of limitations.

Pursuant to this Court's order, Plaintiff filed an opposition on October 15, 2015, and Defendant filed a reply on October 21, 2015.  (ECF Nos. 22, 23.)

## II.

## DISCUSSION

### A.   Allegations Of Second Amended Complaint

Plaintiff contends that in 2012, Defendant locked the housing unit door after receiving a phone call from the hospital's dining hall informing Defendant that Plaintiff had just had scolding hot split pea soup poured in his lap and was suffering from severe burns.  Defendant locked the unit door in an effort to prevent Plaintiff treatment for his injuries.  Plaintiff approached the Defendant on several occasions regarding his injuries from the burn and each time he was refused.

### B.   Motion to Dismiss Standard Under Rule 12(b)(6)

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court

must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

**C.    Second Amended Complaint Contrary to Court's Prior Order**

Defendant argues that the previous complaint "was one for race discrimination for the manner in which Defendant prioritized medical appointments." (ECF No. 16, Mot. at 3:22-23.) Defendant submits that "[t]his Court, in allowing Plaintiff to amend, instructed him to not change the nature of his suit by adding new, unrelated claims." (Id. at 3:23-24.) Defendant argues that contrary to the Court's order, Plaintiff completely changed the nature of his complaint, by alleging that Defendant acted with deliberate indifference for failing to treat his burns in 2012. Defendant requests that the Court dismiss the complaint for violation of the Court's prior order.

The Court rejects Defendant's argument that the claim presented in the second amended complaint is in violation of the Court's January 29, 2015, screening order directing that Plaintiff not add any new or unrelated claims. The claim presented in the second amended complaint is against the same Defendant and presents, as with the other complaints, a claim of inadequate medical attention. Although the claim presented in the second amended complaint does not contain a racial competent as his prior complaints, such fact does not make it unrelated to the prior claims so as to violate the Court's directive. In any event, given the Ninth Circuit's liberal policy toward amendments and Plaintiff's pro se status, the Court finds that the interest of justice warrants review of Plaintiff's claim of deliberate indifference against Defendant Antonia Okpala, even if it may arguably (which the Court does not find) not be in conformity with the Court's prior order. This same analysis applies to the alleged timing of the events giving rise to the claim against Defendant Okpala in the second amended complaint. Accordingly, Defendant's motion to dismiss due to improper amendment, should be denied.

///

### D. Statute of Limitations

Defendant also argues that the second amended complaint is barred by the applicable two year statute of limitations.

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-955.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time of the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1.

In addition, California's equitable tolling doctrine operates to toll a statute of limitations for a claim asserted by a continuous confined civil detainee who has pursued his claim in good faith. Jones, 393 F.3d at 928.

The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations-timely notice to the defendant of the plaintiff's claims-has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff. Id. at 101-103.

///

4

If running of the statute of limitations is apparent on the face of a complaint, a claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6). Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010). In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). "Because the applicability of the equitable tolling doctrine oftend depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion." Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995) (internal citations and quotation marks omitted); see also Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1140 (9th Cir. 2001) (stating that, "only in the rare case" could the analysis of California's equitable tolling doctrine proceed at the pleading stage). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Supermail Cargo, Inc., 68 F.3d at 1206 (internal citations and quotation marks omitted).

Based on the fact that under the mailbox rule, Plaintiff initiated the instant action in June 2014, and the second amended complaint was filed on February 2, 2015, the Court cannot determine from the face of the second complaint that it is barred by the two-year statute of limitations. Defendant did not address the issue of equitable tolling or the relation-back doctrine, and the Court cannot find that the running of the statute of limitations on Plaintiff's medical claim against Defendant Okpala to be apparent on the face of the second amended complaint. While Defendant contends that the claim in the second amended complaint is different in nature (which the Court does not agree), given Plaintiff is a civil detainee and is proceeding pro se, without proper briefing on any potential issue of equitable tolling and/or proper analysis as to any potential application of the relation-back doctrine, the Court cannot find it apparent from the face of the complaint to be barred by the applicable statute of limitations. Accordingly, Defendant's motion to dismiss should be denied.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to dismiss the second amended complaint be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 2, 2015**

UNITED STATES MAGISTRATE JUDGE