UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>                Plaintiff,<br><br>        v.<br><br>ANTONIA OKPALA,<br><br>                Defendant. | Case No.: 1:14-cv-00921-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S MAY 2, 2016, ORDER DENYING HIS MOTION TO AMEND AND/OR SUPPLEMENT THE COMPLAINT<br><br>[ECF Nos. 36, 37] |

Plaintiff Archie Cranford is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

**I.**

**BACKGROUND**

Currently before the Court is Plaintiff's "objections" to the Court's May 2, 2016, order denying his motion to amend and/or supplement the complaint, filed May 12, 2016.

On May 2, 2016, the undersigned denied Plaintiff's motion to amend and/or supplement the complaint finding Plaintiff failed to demonstrate that supplement was justified under Federal Rule of Civil Procedure 15(d). (ECF No. 36.)

///

## II.

## DISCUSSION

The motion for reconsideration is governed by Rule 60 of the Federal Rules of Civil Procedure and Rule 230 of the Local Rules of the United States District Court, Eastern District of California. Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . exist." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)(internal quotation marks omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)(internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . of that which was already considered by the court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

In his motion for reconsideration, Plaintiff merely asserts the same arguments as presented in his motion to amend and/or supplement the complaint. The Court previously considered such arguments when it denied Plaintiff's motion, and Plaintiff has therefore failed to meet the standard set forth above for reconsideration. See Collins v. D.R. Horton, Inc., 252 F.Supp.2d 936, 938 (D. Az. 2003) (a motion for reconsideration cannot be used to ask the Court to rethink what the Court has

already thought through merely because a party disagrees with the Court's decision); see also <u>Leong v. Hilton Hotels Corp.</u>, 689 F.Supp. 1572, 1573 (D. Haw. 1988) (mere disagreement with a previous order is an insufficient basis for reconsideration). Accordingly, Plaintiff's motion for reconsideration must be denied.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration of the Court's May 2, 2016, order denying his motion to amend and/or supplement the complaint is DENIED.

IT IS SO ORDERED.

Dated:   **May 13, 2016**

UNITED STATES MAGISTRATE JUDGE

3