UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANTONIA OKPALA,<br><br>　　　　　　Defendant. | Case No.: 1:14-cv-00921-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR RESTRAINING ORDER BE DENIED<br><br>[ECF No. 39] |

　　　　Plaintiff Archie Cranford is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

　　　　Currently before the Court is Plaintiff's motion for a restraining order, filed May 18, 2016. (ECF No. 39.)

**I.**

**DISCUSSION**

　　　　This action is proceeding against Defendant Antonia Okpala for denial of medical treatment. As far as the Court can decipher, Plaintiff is seeking a restraining order directing that only trained medical personal provide him with medical treatment.  Plaintiff contends that certain individuals are physical therapist and are not trained to provide medical treatment, but yet attempt to do so.

1

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

Plaintiff fails to provide the Court with sufficient information to demonstrate that he will suffer irreparable injury without a restraining order, and fails to provide the Court with sufficient information as to who is perpetuating the proposed inadequate medical treatment. In addition, the Court's jurisdiction is limited to the parties before it in this action (Defendant Okpala only) and to Plaintiff's claim for damages arising from an incident of alleged denial of medical treatment. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). The pendency of this action does not give this Court unfettered jurisdiction over all prison officials in general or over the actions of individuals who are not parties to this action. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted). Accordingly, Plaintiff's motion for a restraining order should be denied.

///

///

///

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a restraining order be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 19, 2016**

UNITED STATES MAGISTRATE JUDGE

3