UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANTONIA OKPALA,<br><br>　　　　　Defendant. | Case No.: 1:14-cv-00921-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS<br><br>[ECF No. 52] |

Plaintiff Archie Cranford is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

This action proceed against Defendant Antonia Okpala for denial of adequate medication attention in violation of the Fourteenth Amendment.

Currently before the Court is Plaintiff's motion to compel responses to his discovery requests, filed October 21, 2016. Defendant filed an opposition on October 26, 2016. (ECF No. 53.) Because the Court does not need a reply to Plaintiff's motion as it would not change the analysis of Plaintiff's motion, the Court will issue its ruling prior to file for Plaintiff to file a reply. Local Rule 230(l).

**I.**

**DISCUSSION**

**A.  Legal Standard**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rule 251; ECF No. 31, Discovery and Scheduling Order, ¶4.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.    Plaintiff's Motion to Compel**

Plaintiff moves to compel further responses to his Request for Production of Documents and Interrogatories propounded on Defendant Zamora.

Defendant opposes Plaintiff's motion to compel is procedurally defective because Plaintiff failed to attach a copy of Defendant's responses to his motion, and Plaintiff's discovery requests were untimely.

First, Plaintiff's motion to compel is procedurally defective in that he failed to attach the relevant discovery requests for which he compels a response. Plaintiff simply filed a "NOTICE of MOTION and MOTION to COMPEL RESPONSE [sic] to INTERROGATORIES or REQUEST for

3

PRODUCTION of DOCUMENTS or REQUEST for ADMISSIONS" but fails to identify the actual discovery documents in dispute. In addition, Plaintiff brings his motion based on California authorities, not the Federal Rules of Civil Procedure.

However, Defendant indicates that on October 4, 2016, she served Plaintiff with responses to interrogatories that included objections and responses. (Opp'n at 1, Ex. A.) The primary objection was that Plaintiff's interrogatories were untimely. (Id.) Nonetheless, without waiving the objections, Defendant provided substantive answers to the interrogatories. (Id.) Defendant submits that she is unaware of any other pending discovery requests from Plaintiff. Indeed, as previously stated, Plaintiff does not identify any specific discovery requests he claims are at issue.

Pursuant to the Court's January 27, 2016, discovery and scheduling order, the deadline to complete all discovery and any related discovery motions expired on September 27, 2016. (ECF No. 31, Order at 2:26.) The scheduling order also provided that discovery responses were due 45 days after service. (Id. at 1:22-23.) Because Plaintiff's motion is procedurally defective in that he failed to the discovery requests he claims are at issue and how Defendant's responses to such requests are invalid, Plaintiff's motion to compel must be denied.

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel, filed on October 21, 2016, is DENIED.

IT IS SO ORDERED.

Dated: __October 28, 2016__

UNITED STATES MAGISTRATE JUDGE